Brennan, J.
This is a contract action in which plaintiff seeks to recover monies for the procurement of insurance policies and interest due. The court found for the plaintiff in the amount of the underlying debt of $6,029.35 plus interest from November 22,1993, the date the action was commenced.
Plaintiff/appellant has filed an appeal, claiming that the Court erred in not allowing certain prejudgment interest.
The issue before the court is whether plaintiff/appellant is entitled to prejudgment interest from the date of demand until the date that suit was begun.
M.G.L.C. 231, §6(c) provides that:
In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action.
The parties agreed that there was no written contract concerning the payment of interest. Plaintiff/appellant relies on a statement on the bottom of the invoices which provided that:
*174 A late charge of 1% per month, annual rate of 12% will be added to all balances past due 60 days.
There was nothing before the court to indicate that defendant/appellee agreed to pay any late charge. Further defendant/appellee did not sign the account statements. In short, plaintiff/appellant failed to show that the interest charges were part of the contract between the parties. Plaintiff/appellant failed to establish that defendant/appellee agreed to late charges or that, as a result, demand was ever properly made. Consequently, setting of interest is controlled by M.G.L.C. 231, §6(c).
The judge properly applied M.G.L.c. 231, §6(c) and this report is dismissed.